MATTER OF TAMURA

In SECTION 248 Proceedings

A-13293187

*Decided by Regional Commissioner July 15, 1964*

Since a nonimmigrant alien who is employed as a chief cook, supervising 3 to 4 subordinates in the preparation of Japanese fried food specialties and performing the duties of the main kitchen chef in the latter's absence, is employed in a "responsible capacity" within the meaning of 22 CFR 41.41, he is eligible for a change of nonimmigrant status under section 248, Immigration and Nationality Act, as amended, to that of an employee of a treaty investor under section 101(a)(15)(E)(ii) of the Act.

This matter is before the Regional Commissioner on appeal from the denial of the application for change of nonimmigrant status.

The applicant is a married Japanese subject, born August 31, 1930 at Baguio, Philippines. He was admitted to the United States at Honolulu, Hawaii on November 22, 1962 under section 101(a)(15) (H)(i) of the Immigration and Nationality Act on the basis of a petition filed by Saito Restaurant, Inc., a well-known Japanese eating establishment in New York City. He was authorized to remain until November 21, 1963. On October 10, 1963 he applied for change of nonimmigrant status to that of a treaty investor under section 101(a) (15)(E)(ii) of the Act.

The Saito Restaurant, which has recently moved to a new location, represents an investment of approximately one million dollars. Its owners, Mrs. Moto Saito and her son, Tokio Saito, are Japanese Nationals who are presently maintaining E-2 status. The applicant is in their employ as a chief cook, supervising three to four others in the preparation of Japanese fried food specialties. He earns $103 a week and is provided with meals and living quarters. In denying his application for change of nonimmigrant status, the District Director found that the applicant is ineligible for classification as a treaty investor because he has no financial interest in the restaurant.

Section 101(a)(15)(E)(ii) of the Immigration and Nationality Act defines a treaty investor as an alien entitled to enter the United States

under and in pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national, and the spouse and children of any such alien if accompanying or following to join him, solely to develop and direct the operations of an enterprise in which he has invested, or of an enterprise in which he is actively in the process of investing, a substantial amount of capital. The applicable regulation (22 CFR 41.41) further provides as follows:

§ 41.41 *Treaty investors.* (a) An alien shall be classifiable as a nonimmigrant treaty investor if he establishes to the satisfaction of the consular officer that he qualifies under the provisions of section 101(a)(15)(E)(ii) of the Act and that: (1) He intends to depart from the United States upon the termination of his status; and (2) He is an alien who has invested or is investing capital in a bona fide enterprise and is not seeking to proceed to the United States in connection with the investment of a small amount of capital in a marginal enterprise solely for the purpose of earning a living; or that (3) He is employed by a treaty investor in a responsible capacity and the employer is a foreign person or organization of the same nationality as the applicant.

A Treaty of Friendship, Commerce and Navigation exists between the United States and Japan. Article VIII of this treaty states, in part, that nationals and companies of either party shall be permitted to engage, within the territories of the other party, accountants and other technical experts, executive personnel, attorneys, agents and other specialists of their choice. *Matter of Kobayashi and Doi,* Interim Decision #1313.

The applicant herein is engaged as chief cook by Japanese nationals who have invested substantial sums of money in establishing a restaurant known for its excellent Japanese cuisine. He was brought to the United States by his employers because of his skill in the preparation of Japanese dishes. He is not only charged with the responsibility of supervising several subordinate cooks in preparing fried food specialties but also performs the duties of the main kitchen chef in the latter's absence. In contradistinction to the restaurant service personnel discussed in *Matter of Kobayashi and Doi, supra,* we find that the instant applicant is employed in a "responsible capacity" within the meaning of 22 CFR 41.41 and additionally, may be considered to be a "specialist" within the contemplation of Article VIII of the aforementioned treaty between the United States and Japan. Accordingly, the appeal will be sustained.

*It is ordered* that the decision of the District Director be reversed and that the application for change of nonimmigrant status be granted.